UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES SIDNEY YARBROUGH, | No. 2:17-cv-1953-KJN |
| Plaintiff, | |
| v. | ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff Charles Sidney Yarbrough, who proceeds without counsel, seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner") denying plaintiff's claim for Widower's Insurance Benefits under Title II of the Social Security Act. After carefully reviewing the parties' briefing (ECF Nos. 15, 18, 20), the court AFFIRMS the Commissioner's final decision.[1]

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340

---

[1] All parties voluntarily consented to the jurisdiction of a United States Magistrate Judge for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos. 6, 16.)

1

F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005).

In this case, the ALJ found that, although plaintiff was validly married under California law to his deceased spouse, Mary Beth Rosson, from February 26, 2014, to September 28, 2014, plaintiff did not meet the nine-month duration of marriage requirement for Widower's Insurance Benefits; nor did he satisfy any of the statutory exceptions to that requirement. See 42 U.S.C. § 416(g). On appeal, plaintiff does not challenge the ALJ's underlying factual findings, but contends that the nine-month duration of marriage requirement is unfair and violates the United States Constitution. Although the court is sympathetic to plaintiff's plight, plaintiff's argument is plainly foreclosed by the United States Supreme Court's decision in Weinberger v. Salfi, 422 U.S. 749 (1975), which expressly found the Act's duration of relationship requirement constitutional.[2] Additionally, contrary to plaintiff's contention, the requirement does not conflict with California law, which does not purport to define the contours and rules of a federal benefits program.

Accordingly, the final decision of the Commissioner is AFFIRMED, and the Clerk of Court shall close this case.

IT IS SO ORDERED. This order resolves ECF Nos. 15 and 18.

Dated: November 15, 2018

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

---

[2] As the Supreme Court explained, the duration of relationship requirement was enacted primarily as a prophylactic rule to prevent sham marriages for benefits. See Weinberger, 422 U.S. at 777. To be clear, neither the Commissioner nor this court suggests that plaintiff's marriage in this case was actually a sham marriage to procure benefits. Indeed, the Supreme Court acknowledged that legitimate marriages may sometimes be swept within the ambit of the rule: "The question is whether Congress, its concern having been reasonably aroused by the possibility of an abuse which it legitimately desired to avoid, could rationally have concluded both that a particular limitation or qualification would protect against its occurrence, and that the expense and other difficulties of individual determinations justified the inherent imprecision of a prophylactic rule." Id. Nevertheless, regardless of the rule's potential imprecision and shortcomings, the Supreme Court held that it passed constitutional muster, and this court is bound by that holding.

2